UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

C.A.L. CARGO AIRLINES, LTD., )
)
              Plaintiff, )    Case No.: 2:11-cv-01123-GMN-RJJ
vs. )
)    **ORDER**
AEROSPACE OVERHAUL, LLC, )
)
              Defendant. )
)

      Plaintiff has filed a Complaint (ECF No. 1) attempting to invoke diversity jurisdiction. However, because Plaintiff has failed to plead facts sufficient to give rise to such subject matter jurisdiction, this lawsuit will be dismissed without prejudice.

      Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen,* 511 U.S. at 377.  A court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno-Morillo,* 334 F.3d 819, 830 (9th Cir. 2003).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

      Plaintiff's Complaint alleges that this Court has diversity jurisdiction over this lawsuit pursuant to 12 U.S.C. § 1332. (Compl. ¶ 3, ECF No. 1.)  In support of this jurisdictional allegation, Plaintiff pleads that it is "a private limited liability company duly organized under

the laws of Israel, with its principal place of business located at 1 Hayarden Street, Airport City P.O.B. 271, Ben Gurion Airport 70100, Israel," (Compl. ¶ 1, ECF No. 1), and that "DefendantA erospace [sic] is a limited liability company organized under the laws of the State of Nevada, with its principal place of business located at 8430 WestL ake [sic] Mead Blvd, Suite 100, Las Vegas, Nevada 89128 and is qualified to conduct business in the State of Nevada," (Compl. ¶ 1, ECF No. 1).

However, the place of organization and the principal place of business of a limited-liability company ("LLC") are irrelevant to the LLC's state of citizenship for the purposes of determining diversity jurisdiction. Instead, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). It is not necessarily a citizen of the state in which its principal place of business is located.

Nowhere in Plaintiff's Complaint does it plead the citizenships of each of its and/or Defendant's owners/members. This omission is fatal, as the Complaint therefore fails to set out facts sufficient to warrant the exercise of diversity jurisdiction. Absent subject matter jurisdiction, a federal court may not continue to consider a case. Consequently, this lawsuit is dismissed.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that this lawsuit is **DISMISSED without prejudice** to it being re-filed if Plaintiff can properly plead diversity jurisdiction.

DATED this 21st day of July, 2011.

_____
Gloria M. Navarro
United States District Judge